## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **GREGORY DABBS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 11-cv-396-JPG |
| | ) | |
| **GLADYSE TAYLOR and** | ) | |
| **WEXLER HEALTH CARE,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Greg Dabbs brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 that occurred during his incarceration at Lawrence Correctional Center in Sumner, Illinois. Plaintiff completed a three year sentence for a 2008 domestic battery conviction. He is currently released. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

**The Complaint**

Plaintiff's complaint names Gladyse Taylor, Director of the Illinois Department of Corrections (IDOC) and Wexford Health Care (Wexford) as defendants in this action. In the body of the pleadings, Plaintiff additionally references Derwyn Ryker, Warden of Lawrence and Phil Martin, Health Care Administrator. Ryker and Martin, however, are not mentioned in either the caption of the case nor in any specific allegations.

Plaintiff's pleadings consist of complaints about his medical care and requests for specific medical attention. His dissatisfactions include the type of treatment he received for ulcerative colitis, an inadequate amount of therapy for his post traumatic stress disorder, a need for bifocal lenses instead of the reading glasses provided to him, and delay in receiving medication for what he terms epididymal cysts. He does not indicate any manner in which the named Defendants were involved in any of the alleged unconstitutional conduct.

Additionally, Plaintiff complains of inadequate access to the law library at Lawrence.

His complaint indicates that denial of law library resources was preventing him from working on pending federal and state appeals.

Plaintiff requests medical treatment at a hospital, access to the Lawrence law library and compensatory and punitive damages.

**Analysis**

Given that Plaintiff has been released from Lawrence, his requests that he be taken to a hospital outside of the Lawrence facility for specific medical attention are moot.  The Court will briefly address Plaintiff's broader claims of pain and suffering due to inadequate medical care.  Plaintiff names only the Director of the Illinois Departments of Corrections and Wexford Health Care as defendants.  "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'"  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).  *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987);  *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981).  The Plaintiff does not make any assertions that Defendant Taylor was responsible for the complained of conduct.

Wexford, a corporate entity, is similarly treated.  The Seventh Circuit has held that a corporate entity violates an inmate's constitutional rights, in this case deliberate indifference to Plaintiff's serious medical needs, only when it has a policy that creates conditions that infringe upon an inmate's constitutional rights.  *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004).  *See also Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6

(7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action).  Plaintiff has not alleged that it was any policy or practice of Wexford Health to deny medication to mentally ill inmates or to otherwise deny them health care.  The allegations of deliberate indifference to Plaintiff's serious medical needs shall be denied.

Plaintiff further complains that he had inadequate access to the library at Lawrence.  He states that unspecified individuals at Lawrence denied him access to the library in November, 2010.  The Court notes that, during his incarceration and since the filing of this lawsuit, Plaintiff has initiated four other actions in federal court.[1]  Any limitations on the use of the library facilities at Lawrence did not create an impediment to Mr. Dabbs' access to the courts.  Plaintiff is now released from imprisonment and has the ability to pursue his lawsuits as a free citizen. The claims for inadequate access to the Lawrence law library will be denied.

Therefore, Plaintiff has failed to state any claim upon which relief may be granted and this case shall be dismissed with prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's complaint fails to state a claim upon which relief may be granted, and this case is **DISMISSED** with prejudice as to both Defendants.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under

---

[1] The Court has consulted the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) to verify the status of Plaintiff's pending cases (*Dabbs v. Godinez*, Civil No. 3:11-cv-540 DRH, *Dabbs v. Godinez et al*, *Dabbs v. Godinez*, Civil No. 1:11-cv-1317 JES, Civil No. 3:11-cv-47 MJR, and *Dobbs v. Vaughn et al*, Civil No. 3:12-cv-104 MJR.  *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

DATED:   May 22, 2012

                                                    *s/J. Phil Gilbert*
                                                **United States District Judge**